**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4261**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ALBERT LAMONT PHARR, a/k/a Mont,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00253-RJC-5)

Submitted: July 23, 2009        Decided: August 3, 2009

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Trevor M. Fuller, FULLER & BARNES, LLP, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Lamont Pharr appeals the 300-month sentence imposed following his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006); one count of possession with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006); one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2006). Pharr's counsel has filed an appeal under Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in imposing Pharr's sentence. Pharr has filed a pro se supplemental brief. Finding no reversible error, we affirm.

We review a criminal sentence for reasonableness, using the abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 594-97 (2007). We conclude that Pharr's sentence is both procedurally and substantively reasonable. The district court properly calculated Pharr's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007); see also Rita v. United States, 551 U.S. 338, ___, 127 S. Ct.

2

2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence). The court's sentence was based on its "individualized assessment" of the facts of the case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

We have reviewed Pharr's pro se informal brief and find no merit to his claims. In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED